IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re<br><br>RAMIRO AREVALLOS SERVIN. | No. C 08-0360 CRB (PR)<br><br>ORDER OF DISMISSAL |

Alejandra Arevallos has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on behalf of her father, Ramiro Arevallos Servin. On August 4, 2005, Ramiro was convicted of sale/transportation/distribution of a controlled substance in Napa County superior court and sentenced to three years in state prison. He was recently deported to Mexico.

It does not appear that Alejandra may file a petition on behalf of her father simply because it is inconvenient for him to do so from Mexico. Cf. Coalition of Clergy, Lawyers and Professors v. Bush, 310 F.3d 1153, 1161 (9th Cir. 2002) (next-friend standing probable for detainees from war in Afghanistan who were being held in Guantanamo Bay without access to lawyers or federal courts). But even if she could, and if Ramiro could be considered to be in state custody still, the petition must be dismissed.

A person in state custody who wishes to challenge collaterally in federal habeas corpus proceedings either the fact or length of his confinement is first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Ramiro has not done so. He has not presented the Supreme Court of California with an opportunity to consider and rule on his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims).

The petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after state judicial remedies are exhausted. Ramiro must be "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition must be dismissed. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

The clerk shall terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: Jan. 28, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.08\Servin, R2.or1.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAMIRO AREVALLOS SERVIN,

        Plaintiff,

  v.

UNITED STATES OF AMERICA et al,

        Defendant.

Case Number: CV08-00360 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramiro Arevallos Servin
c/o Alejandra Arevalos
493 Mayette Avenue
Patterson, CA 95363

Dated: January 28, 2008

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk